598   CIRCUIT COURT REPORTS—NEW SERIES.

Gildehaus et al v. Fidelity B. & S. Co. et al. [Vol. III, N. S.

## DOWER.

[Circuit Court of Hamilton County.]

WILLIAM GILDEHAUS ET AL V. FIDELITY BUILDING & SAVINGS CO. ET AL.

Decided, December 24, 1902.

*Dower Interest—May Be Subjécted to Payment of Debt, Though Unasssigned—Findings of Fact not Subject to Review, When—Section 5464.*

1. The dower interest of a judgment debtor may, under Section 5464, be subjected to the payment of his debts, although not yet assigned.
2. Findings of fact and conclusions of law not made a part of the record by journal entry can not be considered on review.

GIFFEN, J.; SWING, J., and JELKE, J., concur.

Heard on error.

The answer and cross-petition and supplemental answer and cross-petition of Henry Frese set up two judgments in favor of Frese and a right to subject the dower interest of the judgment debtor to the payment thereof. While it is true that he alleges in the supplemental answer and cross-petition that a levy had been made upon the dower interest, and the same sold in another action, yet he does not ask or seek to confirm that sale, but prays that the dower interest may be subjected to the payment of his debt under Section 5464, Revised Statutes. This may be done, although the dower has not yet been assigned. *Boltz* v. *Stolz*, 41 Ohio St., 540.

The other questions presented can be determined only by the facts in the case. The court at the request of plaintiff in error made separate findings of fact and conclusions of law, but the same were not made a part of the record by journal entry or otherwise, and hence can not be considered.

Judgment affirmed.

*Henry J. Harrop*, for plaintiff in error.

*John Coffey, J. M. Dawson* and *E. M. Garrison*, contra.